IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


SHANNON WOODS                                                    PLAINTIFF

v.                                Case No. 1:14-cv-01062

GEORGIA PACIFIC, LLC et al.                                      DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Plaintiff's Motion to Remand.  ECF No. 7.  Plaintiff filed

this Motion on December 23, 2014.  *Id.*  Defendant Georgia Pacific, LLC ("Defendant") responded

to this Motion on January 6, 2015.  ECF No. 9.  Plaintiff did not reply.  This Motion is now ripe for

consideration.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O.

Hickey referred this Motion to this Court for the purpose of making a report and recommendation.

In accordance with that referral, this Court recommends Plaintiff's Motion to Remand (ECF No. 7)

be **DENIED.**

1.    **Background**

On October 31, 2013, Plaintiff filed this lawsuit in Ashley County Circuit Court.  ECF No.

1.  Defendant was not served until February 10, 2014.  *See* ECF No. 4.  In Plaintiff's Complaint,

Plaintiff did not state his citizenship or where he resided.  ECF No. 3.

In order to ascertain Plaintiff's citizenship, Defendant sent Plaintiff Interrogatories and

Requests for Production of Documents on May 29, 2014.  ECF No. 10-4.  Plaintiff did not respond

to these discovery requests.  Defendant sent repeated reminders to Plaintiff seeking responses to

these discovery requests. ECF No. 10-1 (August 7, 2014); ECF No. 10-2 (September 18, 2014); ECF No. 10-3 (October 6, 2014); and ECF No. 10-4 (November 5, 2014). Finally, on November 14, 2014, Plaintiff responded to Defendant's Interrogatories and Requests for Production of Documents. Based upon those responses, Defendant discovered Plaintiff is a citizen of Oklahoma. Ten days later, on November 24, 2014, Defendant removed this action. ECF No. 1.

Currently before this Court is Plaintiff's Motion to Remand. ECF No. 7. With this Motion, Plaintiff requests his case be remanded to Ashley County Circuit Court. *Id.* Plaintiff claims Defendant did not timely remove this action; thus, this case must be remanded. *Id.* Defendant has responded to Plaintiff's Motion. ECF No. 9. In this response, Defendant claims it filed the notice of removal belatedly because Plaintiff wrongfully withheld his state of citizenship. *Id.* Defendant claims that as soon as it discovered Plaintiff's state of citizenship, it properly removed this case. *Id.*

## 2. <u>Applicable Law</u>

The procedure to remove a civil action from a state court to a federal court is governed by 28 U.S.C. § 1441 (2011). Under this statute, only civil actions "which the district courts of the United States have original jurisdiction" may be removed. *Id.* § 1441(a). Under the current facts, the "original jurisdiction" of this case is based upon diversity of citizenship. *See* 28 U.S.C. § 1332 (2011).

Generally, a notice of removal must be filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim of relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Further, under subsection (c), "a case may not be removed . . . on the basis of jurisdiction conferred by section 1332 [diversity of citizenship] more than 1 year after commencement of the action, unless the district court

2

finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

**3.**   **Discussion**

The facts in this case are not disputed.  Even though this lawsuit was filed in October of 2013, Defendant was not served until February of 2014.  Plaintiff failed to include his state of citizenship in the Complaint.  From May of 2014 until November of 2014 (six months), Defendant attempted to determine Plaintiff's state of citizenship.  Defendant repeatedly contacted Plaintiff in an effort to obtain these discovery responses.  Plaintiff did not respond until November of 2014.  Ten days after Defendant learned of Plaintiff's citizenship, Defendant filed its Notice of Removal.

Plaintiff offers no explanation, either in his motion or in a reply[1], as to why he delayed *for over one year* in providing this basic information to Defendant.  Plaintiff claims he "did nothing to defraud the defendant and defeat removal," but he offers no explanation for his delay.  ECF No. 8 at 4.  Instead, Plaintiff attempts to use a strained interpretation of 28 U.S.C. § 1446(c) to excuse his behavior.

Plaintiff argues Defendant only had one year from the filing of the Complaint or until October 31, 2014 to remove this action.  *See* 28 U.S.C. § 1446(c).  His reasoning is that 28 U.S.C. § 1446(c), Plaintiff had only a year *total* to remove this action: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after the commencement of the action."  *Id.*  Plaintiff claims that one-year deadline required Defendant to file his Notice of Removal by October 31, 2014.  *Id.*

For two reasons, Plaintiff's proposed reading of 28 U.S.C. § 1446(c) is untenable.  First,

---

[1] Notably, Plaintiff did not file a reply to Defendant's response.

Plaintiff entirely ignores the second part of 28 U.S.C. § 1446(c) wherein an exception applies when "plaintiff has acted in bad faith in order to prevent a defendant from removing an action."  Clearly this provision would allow for an extension of the one-year period.  Second, Plaintiff is arguing that Defendant was required to file its Notice of Removal by October 31, 2014, which is two weeks *before* he provided Defendant with his discovery responses.  Thus, the Court should not adopt Plaintiff's interpretation of this provision based on the facts in this case.

Because Plaintiff delayed in over a year in providing his citizenship to Defendant despite Defendant's repeated requests for that information, the Court finds Plaintiff acted in bad faith in delaying the disclosure of his state of citizenship.  Accordingly, the Court finds the one-year deadline of  28 U.S.C. § 1446(c) is extended to December 14, 2014, which is thirty days after Defendant became aware of Plaintiff's citizenship.  Because Defendant removed Plaintiff's case within that time period, the removal was proper.

**4.**     **Conclusion**

Based upon the foregoing, the Court recommends Plaintiff's Motion to Remand (ECF No. 7) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 16ᵗʰ day of March 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE